Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 657 | **DATE** | 7/22/2002 |
| **CASE TITLE** | Sean O'Brien etc. Vs. Quad Six, Inc. etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants now move to dismiss for failure to state a claim. The motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 23 2002 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAH | courtroom deputy's initials | 02 JUL 22 PM 4:39 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEAN O'BRIEN, on behalf of himself )
and all others similarly situated, )
 )
          Plaintiff, )
 )
    vs. ) No. 02 C 657
 )
QUAD SIX, INC., d/b/a THE VooDoo )
NIGHTCLUB, et al., )
 )
          Defendants. )

**DOCKETED**

JUL 2 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Sean O'Brien brought this action against defendants Quad Six, Inc., d/b/a The Voodoo Nightclub (Voodoo), Riprocks, Inc., d/b/a Riprocks Nightclub and Sports Grille (Riprocks), Louis Gatziolis, Alexander Gatziolis and John Gatziolis, alleging violations of Driver's Privacy Protection Act (DPPA), 18 U.S.C. §§2721 *et seq.*, and the Illinois Consumer Fraud and Deceptive Practices Act (ICFA), 815 ILCS 505/1 *et seq.* Defendants now move to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

The material facts are undisputed. Plaintiff was a patron of Voodoo, a nightclub located in Schaumburg, Illinois. Upon entry, he presented his driver's license as a means of identification. Voodoo personnel videotaped the license, entered O'Brien's name and address into a customer database and subsequently shared the customer list with Riprocks, a related nightclub. Both Voodoo and Riprock used the list to send promotional materials to existing Voodoo customers. Louis, Alexander and John Gatziolis are all owners or officers of the

nightclubs.

## DISCUSSION

The DPPA prohibits state motor vehicle agencies from disclosing certain information about individuals unless specific prerequisites are satisfied. 18 U.S.C. §2721(a). The statute also prohibits authorized recipients from redisclosing that information, 18 U.S.C. §2721(c), and grants the subject of the improperly used information a private right of action against violators. 18 U.S.C. §2724.

Defendants did not obtain plaintiff's information (his name and address) from a state motor vehicle agency. Plaintiff himself presented his driver's license to nightclub personnel as identification. Defendants argue that the DPPA does not prohibit the use of information procured directly from the individual, as opposed to from a state motor vehicle agency, and that a driver's license is not a "motor vehicle record" because it is not in the agency's custody. Plaintiff counters that the text does not include any requirement that the information be obtained from the state agency:

> A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

18 U.S.C. §2724. Because the phrase "from the state agency" does not appear in this section, all it requires, plaintiff contends, is that the information be obtained from a motor vehicle record.

We disagree.[1] There is absolutely nothing in the text or legislative history to suggest

---

[1] We note that existing DPPA caselaw predominantly addresses constitutional issues. There is very little precedent interpreting the statute and none remotely on point.

such a broad scope. Congress enacted the DPPA to regulate information collected from citizens by the state, not transactions between private businesses and their customers. Section 2721 is the operative portion of the statute; section 2724 merely creates the private right of action to enforce it. Reading the statute as a whole, it is clear that it is concerned with the source of the information – the state, as opposed to oneself – and not the medium by which it is conveyed – a driver's license, passport, credit card, or the spoken word. Consumers who do not want private businesses to use their personal information can simply decline to disclose it and can refuse to patronize businesses that demand such information as a condition of service. Disclosing information to state motor vehicle agencies, by contrast, is significantly less voluntary.[2]

We are sympathetic to plaintiff's concerns about the way businesses collect and use personal information, and its implications for all of our privacies. But that is not what Congress intended the DPPA to regulate. This statute seeks to control dissemination of information collected using the coercive power of the state. It does not regulate information freely given by consumers to private businesses, such as when plaintiff tendered his driver's license to Voodoo.[3]

Our jurisdiction over the ICFA claim was predicated on the federal DPPA claim. *See* 28 U.S.C. §1367(a). The instant motion was defendants' initial filing in response to the complaint. Because we have dismissed all claims over which we had original jurisdiction so early in this case, we decline to exercise our supplemental jurisdiction over the remaining state

---

[2] This is likely why Congress specifically prohibited states from conditioning licenses on consent to disclose personal information. *See* 18 U.S.C. §2721(e).

[3] We express no opinion as to whether a driver's license can constitute a motor vehicle record, only that the statute does not regulate information an individual discloses about oneself.

law claim. *See* 28 U.S.C. §1367(c)(3).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted.

                                                                            *JAMES B. MORAN*
                                                                            Senior Judge, U. S. District Court

July 22, 2002.